IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:08-CV-24-BO

| | | |
|---|---|---|
| RAY COMMUNICATIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CLEAR CHANNEL | ) | |
| COMMUNICATIONS, INC., CLEAR | ) | |
| CHANNEL BROADCASTING, INC., | ) | |
| KATZ MEDIA GROUP, INC, | ) | |
| AND KATZ COMMUNICATIONS, INC | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendant's Motion for Stay of Proceedings Pending Determination of their Motion for Sanctions. For the reasons stated herein, Plaintiff is ORDERED TO SHOW CAUSE why witness William Ray should not be barred from testifying at trial. At this point, the Defendants' request for stay of the proceedings and sanctions is DENIED.

Plaintiff Ray Communications, owned by William and Lisa Ray, is holder of the Trademark, "AGRINET." Plaintiff designated Mr. Ray as the corporate representative for several topics under Fed. R. Civil. P. Rule 30(b)(6), including the details of any of Plaintiff's trademark license agreements; the details of alleged infringement claims, including the specific dates of each claimed infringement; and the factual basis and computations of Plaintiff's alleged damages.

The Defendants attempted to depose Mr. Ray on three separate occasions in May 11th, June 4th, and June 23, 2010. The first two times, the Plaintiff requested to continue the depositions as Mr. Ray was not prepared. While the Plaintiffs agreed to pay some of the defendant's expenses for the third deposition, Mr. Ray was still either unable or unwilling to answer a substantial amount of questions regarding his assigned topics. On all three occasions, Mr. Ray often admitted his lack of knowledge, frequently referred questions to his wife and attorneys, and provided only the most generalized information at best.

While the Plaintiff wished to allow Mr. Ray to testify from a chart prepared by his wife and attorneys, the Defendants have every right to expect Mr. Ray to be able to testify on his own. In addition, while the Plaintiff had the opportunity to designate Mr. Ray's wife, Lisa Ray, to take on some or all of Mr. Ray's topics, the Plaintiff decided to keep Mr. Ray as the corporate designee for all of his topics. Helm Decl. ¶ 5 & Ex. Q (signed letter agreement between Marissa Helm, counsel for Defendants, and Michael Culver, counsel for Plaintiff, allowing Plaintiff to designate Lisa Ray as the Corporate Representative for some of William Ray's Topics, May 13, 2010); Helm Decl. ¶ 7 & Ex. S (email from Michael Culver to Bart Huffman, counsel for the Defendants, stating the Plaintiff would keep Mr. Ray as the corporate representative for all of his topics, Jun. 2, 2010).

In conclusion, Plaintiff must respond within 30 days showing cause as to why William Ray should not be barred from testifying a trial.

SO ORDERED, this 15 day of September, 2010.

                                                TERRENCE W. BOYLE
                                                UNITED STATES DISTRICT JUDGE